RECEIVED

SEP 2 2 2011

TONY H. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

GREGORY WILLIS, ET AL.

versus

CIVIL ACTION NO. 09-2103
JUDGE TOM STAGG

CLECO CORPORATION

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant,

Cleco Corporation ("Cleco"), seeking dismissal of all claims alleged by the plaintiff,

Jennifer Hill. See Record Document 40. Based on the following, Cleco's motion for

summary judgment is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Jennifer Hill ("Hill"), along with eleven other current and former African-

American employees of Cleco, brought this action against Cleco. Hill alleges that

Cleco failed to promote her to various positions because of her race, in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.; Section 1981

of the United States Code, 42 U.S.C. § 1981; and the Louisiana Employment

1

Discrimination Law, La. R.S. 21:301, et. seq.[1] See Record Documents 1 and 5. Cleco

in turn filed this motion for summary judgment.[2]

Hill is a Senior Information Technology ("IT") Applications Analyst/

Programmer in the Application Services division of the Technology and Corporate

Services Department at Cleco. See Record Document 40, Deposition of Hill at 24.

The Application Services division is separated into three teams, with each team

supervised by a Lead IT analyst. See id., Deposition of Hill at 22, 27. The Lead IT

analyst reports to the Manager of Application Services who answers to the General

Manager of the Technology and Corporate Services Department. See id., Deposition

of Hill at 67.

In April or May of 2008, Hill applied for a promotion to General Manager of

Technology and Corporate Services. See id., Deposition of Hill at 60-61. Troy West

("West") was selected for the position instead. In March of 2009, Hill applied for the

Manager of Application Services position. See id., Deposition of Hill at 67. West,

now the General Manager of the Technology and Corporate Services Department,

---

[1]Hill concedes that she "failed to exhaust her administrative remedies under Title VII and [her] Title VII claims are not before this court." Record Document 55 at 6. Therefore, Cleco is entitled to summary judgment as to her Title VII claims.

[2]Cleco has filed separate motions for summary judgment against the other plaintiffs. See Record Documents 35, 36, 37, 38, 39 and 41. The court addresses the other motions in separate opinions.

promoted Keith Duplantis ("Duplantis") from his position as Lead IT Analyst, over

Hill. In May of 2009, Hill applied for the Lead IT Analyst position formerly held by

Duplantis.   Duplantis interviewed Hill and her fellow Senior IT Applications

Analysts/Programmers, Gary Mayeaux ("Mayeaux") and Todd Campbell

("Campbell").   See id., Affidavit of Duplantis. Both Mayeaux and Campbell are

Caucasian. See id. Duplantis promoted Mayeaux over Hill and Campbell. See id.

Hill alleges that Cleco refused to promote her because of her race. See Record

Documents 1 and 5.

## II. ANALYSIS

**A.    Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil

Procedure when "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law."[3]   Quality Infusion Care, Inc. v. Health

Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the

entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of

---

[3] The court notes that the newly amended Rule 56 requires that there be "no
genuine **dispute** as to any material fact," but this change does not alter the court's
analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.     Failure To Promote In 2008.**

Hill alleges that Cleco discriminated against her by refusing to promote her to the position of General Manager of Technology and Corporate Services in 2008, in violation of 42 U.S.C. § 1981 and the Louisiana Employment Discrimination Law, La. R.S. 23:301. See Record Documents 1 and 5. Cleco argues that her federal and state law claims arising from 2008 are prescribed under Louisiana's one-year prescriptive period. See Record Document 40. Hill maintains that her claims are timely. See Record Document 55.

4

### 1.   Section 1981.

Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. Section 1981 does not contain a statute of limitations. <u>See</u> <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 371, 124 S. Ct. 1836, 1839 (2004). When a federal statute does not contain a statute of limitations, courts should apply "the most appropriate or analogous state statute of limitations." <u>Id.</u> Under Louisiana law, "[a] section 1981 claim is best characterized as a tort . . . and is, therefore, governed by the one-year prescriptive period for delictual actions dictated by [Louisiana Civil Code article] 3492." <u>Taylor v. Bunge Corp.</u>, 775 F.2d 617, 618 (5th Cir. 1985). However, for actions arising under federal statutes enacted after December 1, 1990, courts must apply a catchall four-year statute of limitations. <u>See</u> 28 U.S.C. § 1658 ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.").

Section 1981 was originally enacted as part of the Civil Rights Act of 1866 and covered "only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." <u>Patterson v.</u> <u>McLean Credit Union</u>, 491 U.S. 164, 179, 109 S. Ct. 2363, 2374 (1989). Section

1981 "did not protect against harassing conduct that occurred after the formation of the contract." Jones, 541 U.S. at 372, 124 S. Ct. at 1840 (citing Patterson, 491 U.S. 164, 109 S. Ct. 2363). Section 1981 was later amended by the Civil Rights Act of 1991 to create a cause of action for discriminatory and retaliatory conduct occurring after the formation of the contract. See id. Thus, the applicable statute of limitations depends upon whether the claim was actionable under the older version of section 1981 or is only made possible by the 1991 amendments. See id., 541 U.S. at 382, 124 S. Ct. at 1845. Where the plaintiff's claim was available under the original section 1981, the court must apply the analogous state statute of limitations, which in Louisiana is one-year. See id. at 371, 124 S. Ct. at 1839; Taylor, 775 F.2d at 618. However, where the claim is only available under section 1981 as amended, the cause of action is said to "arise under" the Civil Rights Act of 1991 and the federal four-year statute of limitations provided by section 1658 applies. See Jones at 382, 124 S. Ct. at 1845.

Failure to promote claims were actionable under section 1981, prior to the 1991 amendments, if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." Patterson, 491 U.S. at 185, 109 S. Ct. at 2377. As the Supreme Court explained in Patterson, "only where the promotion rises to the level of an opportunity for a new and distinct relation

6

between the employee and the employer is such a claim actionable under § 1981." Id. "In deciding whether a change of position rises to the level of a new and distinct relation, the court must compare the employee's current duties, salary, and benefits with those incident to the new position." Police Assoc. of New Orleans v. City of New Orleans, 100 F.3d 1159, 1170-71 (5th Cir. 1996). If the new position involves "substantial changes," the failure to promote claim was available under section 1981 prior to the 1991 amendments and Louisiana's one-year prescriptive period applies. Police Assoc. of New Orleans, 100 F.3d at 1170-71; see Fonteneaux v. Shell Oil Co., 289 F. App'x 695, 699 (5th Cir. 2008). Otherwise, the claim is only available under section 1981 as amended and the four-year statute of limitations applies. See id.

The court finds that a genuine dispute of material fact exists as to the nature of Hill's 2008 promotion claim. There is no evidence in the summary judgment record to determine whether the four-year or the one-year statute of limitations applies. Cleco relies solely on its assertion that a one-year statute of limitations applies and makes no substantive argument why this claim should be dismissed. As noted above, determining the applicable statute of limitations for a failure to promote claim is a fact intensive inquiry. Accordingly, the court finds that a factual dispute exists and the motion for summary judgment is denied as to Hill's section 1981 claim arising from Cleco's failure to promote her in 2008.

7

2.   **The Louisiana Employment Discrimination Law.**

The prescriptive period for employment discrimination claims in Louisiana is one year. See La. R.S. 23:303(D); Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ., 579 F.3d 546, 552 (5th Cir. 2009). Hill acknowledges that the General Manager of Technology and Corporate Services Department position was filled in April or May of 2008. See Record Document 5 at 28. She did not file this suit until December of 2009. Thus, her state law claim arising in 2008 is prescribed and Cleco's motion for summary judgment is granted as to this claim.

C.   **Failure To Promote In 2009.**

Hill also alleges that Cleco refused to promote her to the Manager of Application Services position in March of 2009 and to the Lead IT Analyst position in May of 2009 because of her race. See Record Documents 1 and 5. Claims of employment discrimination brought pursuant to 42 U.S.C. § 1981 and La. R.S. 23:301, et seq. are analyzed under the same standards as Title VII claims. See Decorte v. Jordan, 497 F.3d 433, 437 (5th Cir. 2007). The court will therefore address Hill's federal and state claims under only the applicable federal precedents.[4]

---

[4]Cleco argues that Hill did not comply with the notice requirement of Louisiana Revised Statute 23:303(c) and her race discrimination claims under Louisiana law must fail. The court finds, however, that Hill did comply with the notice requirement. Her attorney submitted a copy of the amended complaint, including the state law claims, to Cleco on November 30, 2009. See Record Document 55, Affidavit of Attorney Bridget Brown. Hill filed her federal claims

For cases of discrimination based on circumstantial evidence, the court applies the McDonnell Douglas burden-shifting analysis.[5] See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 316-17 (5th Cir. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)).

> To survive summary judgment under McDonnell Douglas, the plaintiff must first present evidence of a prima facie case of discrimination. If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action.[6] If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination.[7]

Davis, 383 F.3d at 317 (citations omitted).

---

on December 11, 2009. See Record Document 1. On January 26, 2010, more than thirty days after the November notice, she amended the complaint to include her state law claims. See Record Document 5. The court finds that Hill complied with the notice requirement and summary judgment is denied as to this issue.

[5]"An employee can prove discrimination through direct or circumstantial evidence." Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 992 (5th Cir. 2005). Hill does not allege that she possesses direct evidence in support of her race discrimination claims. See Record Document 59; see also Jones, 427 F.3d at 993 (providing descriptions and examples of direct evidence of discrimination that do not match the evidence presently before this court in regard to Hill's claims).

[6]"This burden on the employer is only one of production, not persuasion, involving no credibility assessments." Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000).

[7]"[A] plaintiff must present sufficient evidence to find that the employer's asserted justification is false." Crawford v. Formosa Plastics Corp., 234 F.3d 899, 903 (5th Cir. 2000) (citations and quotations omitted).

9

1.      **Prima Facie Case.**

To establish a prima facie case of race discrimination based on a failure to promote, the plaintiff must demonstrate:

> (1) that the employee is a member of [a] protected class; (2) that he sought and was qualified for the position; (3) that he was rejected for the position; and (4) that the employer continued to seek or promoted applicants with the plaintiff's qualifications.

Davis, 383 F.3d at 317 (citations omitted).  Cleco admits for purposes of this motion that Hill has demonstrated a prima facie case of discrimination, but contends that she has not established that its nondiscriminatory rationale is pretextual.  See Record Document 40.

2.      **Nondiscriminatory Rationale.**

According to Cleco, West chose Duplantis for the Manager of Application Services position over Hill because Duplantis articulated an "understanding of the Applications department's role in aligning software applications . . . to Cleco's business goals;" "provided a specific vision of how to align applications software to better assist Cleco with its operational and business goals;" and "exhibited a willingness to challenge existing norms."  Record Document 40, Affidavit of West. Duplantis also has a computer sciences degree, eighteen years of experience in the field, experience with budgeting, general ledger, inventory, and work order

applications, and experience with the computer programs used by Cleco, including

PeopleSoft Financials, HRMS (a Human Resources/Payroll application), and EMPAC

(a power plant maintenance application system). See id. In addition, Duplantis had

served as one of the Lead IT Analysts for Cleco for approximately nine years. See

id. West claims he did not select Hill because she had not been in a Lead IT Analyst

position with Cleco and he did not feel that she had developed as clear of a vision as

Duplantis. See id.

As to the Lead IT Analyst position, Cleco submitted evidence that Duplantis

selected Mayeaux for the position because:

> 1) Mayeaux had experience with a number of Cleco's computer
> applications, including EMPAC, HRMS, and PeopleSoft Financial; 2)
> supply chain customers previously had requested that he attend breakfast
> meetings with them to assist in setting priorities even though he was not
> Lead at the time; 3) he frequently investigated and evaluated new
> applications Cleco acquired before anyone else to determine the
> applications' parameters, benefits, and possible shortcomings, and
> communicated the same to the other team members; 4) he frequently had
> taken the initiative . . . to search out additional application systems he
> thought Cleco might find beneficial and he made recommendations on
> the same . . . ; 5) when Duplantis requested a volunteer to implement the
> newly purchased PeopleSoft Supplier/Contract module, Mayeaux
> volunteered for the assignment [which] . . . involved additional work,
> including after-hours and some weekend work; and 6) he was very
> gregarious and approachable . . . which Duplantis felt would be
> beneficial to facilitating and developing the team work and relationships
> necessary and to directing the work of the team members.

Record Document 40, Affidavit of Duplantis. Duplantis claims that Hill had

11

experience with fewer computer application systems and had not demonstrated the level of initiative that Mayeaux had shown. See id. He also had concerns that Hill was "too direct in her interactions with others." See id. He explained that "although Hill's directness did not disqualify her from consideration for the Lead position, it was a trait, when viewed in comparison with Mayeaux's other qualifications and personality, that led me to believe that Mayeaux was better suited for the position." Id.

### 3.    Pretext Analysis.

Once Cleco set forth this nondiscriminatory rationale, the burden shifted back to Hill to prove that Cleco's reasons were pretextual. See Davis, 383 F.3d at 317. A plaintiff can show pretext by demonstrating that she was "'clearly better qualified' (as opposed to merely better or as qualified) than the employees who are selected." Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010) (quoting EEOC v. La. Office of Cmty. Servs., 47 F.3d 1438, 1444 (5th Cir. 1995)). The plaintiff must submit evidence establishing that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Id. at 923 (quoting Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 357 (5th Cir. 2001)).  "This evidence must be more than merely subjective and speculative." Nichols v. Loral Vought Sys. Corp., 81 F.3 38, 42 (5th Cir. 1996).

12

Hill acknowledges that Duplantis was qualified for the position of Manager of Application Services but believes that she was better qualified because she has more educational and industry experience. See Record Document 40, Deposition of Hill at 68-69. Her only evidence as to why she was "clearly better qualified" than Duplantis is that she has her Master's Degree and he does not.[8]  See Record Document 55. She admits that a Master's Degree was not a requirement for the position, however. See Record Document 40, Deposition of Hill at 68. Additionally, the fact that she has her Master's Degree is alone insufficient to prove she was the clearly better qualified candidate. See Moss, 610 F.3d at 923 ("Unless the qualifications are so widely disparate that no reasonable employer would have made the same decision, any differences in qualifications are generally not probative evidence of discrimination."). Hill has failed to show that she was clearly better qualified than Duplantis.

As to Mayeaux, Hill does not dispute Duplantis's reasons for hiring him and admits that she had experience with fewer computer application systems that Cleco used and had not shown initiative similar to that of Mayeaux. See Record Document 55, Response to Defendant's Undisputed Statement of Facts. She personally believes, however, that Mayeaux was not qualified for the position because he lacks the

---

[8]Duplantis has a bachelor's of science from the University of Louisiana at Lafayette. See Record Document 40, Deposition of Hill at 68.

13

necessary experience and skill set and does not perform well under stress.[9]   See Record Document 40, Deposition of Hill at 84-86.  Hill has submitted no evidence to support her claim that Mayeaux was unqualified, and her "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" her burden in a motion for summary judgment.   Ramsey, 286 F.3d at 269.   Furthermore, her assertion that she has been the Lead before and has the necessary experience and knowledge only indicates that she may be as qualified as Mayeaux for the position but does not prove that she was clearly better qualified than him.

Hill has failed to demonstrate that Cleco's proffered nondiscriminatory reasons for selecting Duplantis and Mayeaux over her were pretextual.   Accordingly, summary judgment as to Hill's federal and state law claims arising from Cleco's failure to promote her in March and May of 2009 is granted.

## D.   Intentional Infliction Of Emotional Distress.

In its motion for summary judgment, Cleco insists that Hill cannot recover on a claim for intentional infliction of emotional distress.  See Record Document 40.  It does not appear that Hill has alleged a claim for intentional infliction of emotional

---

[9]Hill originally stated that she believed Mayeaux also lacked the necessary educational background, but she later retracted that statement and admitted that, with a bachelor's of sciences degree, he met the educational requirements for the position.  See Record Document 40, Deposition of Hill at 84-85.

distress under Louisiana law, although she does claim **damages** for emotional pain and distress. See Record Document 5 at 29 and 53. To the extent that the complaint included a claim for intentional infliction of emotional distress, that claim must be dismissed. Hill's opposition includes no argument, much less evidence, in support of such a claim. See Record Document 55. Therefore, to the extent Hill alleges a claim for intentional infliction of emotional distress, Cleco's motion for summary judgment is granted.

### III. CONCLUSION

Based on the foregoing analysis, Cleco's motion for summary judgment (Record Document 40) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to Hill's federal and state law claims based on the failure to promote her in March and May of 2009 and her state law claim arising out of the failure to promote her in 2008. Accordingly, these claims are **DISMISSED WITH PREJUDICE**. The motion is also **GRANTED** with respect to Hills's Title VII claims, which are **DISMISSED WITHOUT PREJUDICE**. To the extent Hill alleged an intentional infliction of emotional distress claim, the motion is **GRANTED** and this claim is **DISMISSED WITH PREJUDICE**.

Cleco's motion for summary judgment is **DENIED** as to Hill's section 1981 claim based on the failure to promote her in 2008.

15

An order consistent with the terms of this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 21st day of September, 2011.

_____
JUDGE TOM STAGG

16