U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

FEB 20 2013

TONY R. M[OORE], CLERK
BY \_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

JOHN MURCHISON

versus                                              CIVIL ACTION NO. 11-1702
                                                    JUDGE TOM STAGG
CLECO CORPORATION

---

### MEMORANDUM RULING

Before the court is the second motion for summary judgment filed by the defendant, Cleco Corporation ("Cleco"), seeking dismissal of all remaining claims alleged by the plaintiff, John Murchison ("Murchison"). See Record Document 124. Based on the following, Cleco's second motion for summary judgment is **GRANTED**.

### I. BACKGROUND[1]

Murchison, along with twelve other current and former African-American employees of Cleco, brought an action against Cleco, alleging, inter alia, race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964,

---

[1] Much of the background is adopted from the court's previous summary judgment ruling. See Record Document 109.

1

Section 1981 of the United States Code, the Louisiana Employment Discrimination Law, and the Louisiana Commission on Human Rights. See Record Documents 1, 5 and 25. The court ruled on Cleco's first motions for summary judgment as to the plaintiffs, and the remaining causes of action were severed. See Record Document 115. Regarding the first motion for summary judgment as to the claims of Murchison, the court dismissed his failure to promote claims arising from 1984 through 2004 and arising from the Community Franchise Director position in 2005. See Record Document 110. The court also dismissed his state law claims and Title VII claims. See id. The court now addresses Murchison's remaining claim arising from Cleco's failure to promote him to the Manager of Customer and Community Services position in 2005 and his hostile work environment claim. Both claims are brought pursuant to 42 U.S.C. § 1981.

## II. ANALYSIS

**A.   Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Quality Infusion Care, Inc. v. Health

---

[2]The court notes that amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

2

Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.      Failure To Promote.**

Murchison has been employed with Cleco since 1983 and currently serves as a Senior Residential and Small Commercial Developer. See Record Document 60, Affidavit of Murchison. Murchison claims that Cleco failed to promote him to the

Manager of Customer and Community Services position in 2005 because of his race. Cleco asserts that this claim has prescribed. In his opposition to Cleco's second motion for summary judgment, Murchison appears only to argue that Cleco's failure to promote him to the Manager of Customer and Community Services position, along with other failure to promote claims, supports his hostile work environment claim. He does not appear to bring his failure to promote claim individually. He then proceeds to argue that his claim is timely because of the continuing violation doctrine. Notwithstanding the nature in which Murchison asserts his failure to promote claim, the court, out of an abundance of caution, will address it individually.

### 1. Statute Of Limitations.

The court will first address the timeliness of Murchison's failure to promote claim. Section 1981 does not contain a statute of limitations. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 371, 124 S. Ct. 1836, 1839 (2004). When a federal statute does not contain a statute of limitations, courts should apply "the most appropriate or analogous state statute of limitations." Id. Under Louisiana law, "[a] section 1981 claim is best characterized as a tort . . . and is, therefore, governed by the one-year prescriptive period for delictual actions dictated by [Louisiana Civil Code article] 3492." Taylor v. Bunge Corp., 775 F.2d 617, 618 (5th Cir. 1985). However, for actions arising under federal statutes enacted after December 1, 1990,

courts must apply a catchall four-year statute of limitations. See 28 U.S.C. § 1658 ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.").

Section 1981 was originally enacted as part of the Civil Rights Act of 1866 and covered "only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." Patterson v. McLean Credit Union, 491 U.S. 164, 179, 109 S. Ct. 2363, 2374 (1989). Section 1981 "did not protect against harassing conduct that occurred after the formation of the contract." Jones, 541 U.S. at 372, 124 S. Ct. at 1840 (citing Patterson, 491 U.S. 164, 109 S. Ct. 2363). Section 1981 was later amended by the Civil Rights Act of 1991 to create a cause of action for discriminatory and retaliatory conduct occurring after the formation of the contract. See id. Thus, the applicable statute of limitations depends upon whether the claim was actionable under the older version of section 1981 or is only made possible by the 1991 amendments. See id. at 382, 124 S. Ct. at 1845. Where the plaintiff's claim was available under the original section 1981, the court must apply the analogous state statute of limitations, which in Louisiana is one year. See id. at 371, 124 S. Ct. at 1839; Taylor, 775 F.2d at 618. However, where the claim is only available under section 1981 as amended, the cause of action is said to

"arise under" the Civil Rights Act of 1991 and the federal four-year statute of limitations provided by section 1658 applies. See Jones, 541 U.S. at 382, 124 S. Ct. at 1845.

Failure to promote claims were actionable under section 1981, prior to the 1991 amendments, if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." Patterson, 491 U.S. at 185, 109 S. Ct. at 2377. As the Supreme Court explained in Patterson, "only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under [section] 1981." Id. "In deciding whether a change of position rises to the level of a new and distinct relation, the court must compare the employee's current duties, salary, and benefits with those incident to the new position." Police Assoc. of New Orleans v. City of New Orleans, 100 F.3d 1159, 1170-71 (5th Cir. 1996). If the new position involves "substantial changes," the failure to promote claim was available under section 1981 prior to the 1991 amendments and Louisiana's one-year prescriptive period applies. See id.; see also Fonteneaux v. Shell Oil Co., 289 F. App'x 695, 699 (5th Cir. 2008). Otherwise, the claim is only available under section 1981 as amended and the four-year statute of limitations applies. See id.

Regardless of which version of section 1981 under which Murchison's claim

6

arises, his claim has prescribed under the four-year statute of limitations. Murchison filed his complaint on December 11, 2009. For his claims to be timely, they would have had to arise on or after December 11, 2005. On February 12, 2005, Scott Biggers ("Biggers") was selected for the Manager of Customer and Community Services position. See Record Document 124, Ex. A at ¶ 9. Murchison does not dispute this date. Accordingly, Murchison's failure to promote claim has prescribed.

2.  **Merits.**

Assuming, arguendo, that Murchison had brought his failure to promote claim in a timely manner, his claim would still fail on the merits. "An employee can prove discrimination through direct or circumstantial evidence."[3] Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 992 (5th Cir. 2005). For cases of discrimination based on circumstantial evidence, the court applies the McDonnell Douglas burden-shifting analysis. See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 316-17 (5th Cir. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)).

> To survive summary judgment under McDonnell Douglas, the plaintiff must first present evidence of a prima facie case of discrimination. If the plaintiff presents a prima facie case, discrimination is presumed, and the burden

---

[3]Murchison's failure to promote claim brought pursuant to section 1981 is analyzed under the same standards as a Title VII claim. See Decorte v. Jordan, 497 F.3d 433, 437 (5th Cir. 2007).

7

> shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action.[4] If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination.[5]

Davis, 383 F.3d at 317 (citations omitted).

Murchison denies Cleco's assertion that he does not have direct evidence of racial discrimination and claims he has direct evidence of discrimination because he has proof that Cleco used race as a factor in its hiring and promoting practices. Specifically, he cites to his Exhibit E, which contains printed emails regarding individuals who expressed interest in certain promotional opportunities within Cleco. Copies of these emails contain handwritten notes indicating a candidate's race, sex, and age. However nowhere in Exhibit E is Murchison mentioned. This is not direct evidence. "Direct evidence is evidence which if believed, proves the facts without inference or presumption." Jones, 427 F.3d at 992. This is quintessential circumstantial evidence and has no relevance to Murchison's specific claim.

---

[4] "The employer's burden is only one of production, not persuasion, and involves no credibility assessment." McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007).

[5] "[A] plaintiff must present sufficient evidence to find that the employer's asserted justification is false." Crawford v. Formosa Plastics Corp., 234 F.3d 899, 903 (5th Cir. 2000) (citations and quotations omitted).

8

Accordingly, the court will conduct its analysis under <u>McDonnell Douglas</u>.

Cleco argues that even if Murchison could establish a prima facie case of discrimination, his failure to promote claim fails on the issue of pretext. Cleco alleges that Biggers was hired for the position because: he possessed prior management experience as an Energy Resource Coordinator; while working as a Senior Residential and Small Commercial Developer, he had established himself as the "go-to guy" for research and guidance regarding the Louisiana Public Service Commission's "300-foot" rule[6] as it related to power cooperatives and investor owned utilities with whom Cleco competed for customers; his prior experience would give him an advantage to negotiate on Cleco's behalf as it related to franchise agreements and large industrial/commercial prospects; and Cleco believed that Biggers would not require training for the position while Murchison would have required training. <u>See</u> Record Document 124, Ex. A at ¶¶ 5-8. Cleco has presented its legitimate, nondiscriminatory reasons for not promoting Murchison to the General Manager position; now the burden shifts to Murchison to demonstrate that Cleco's legitimate reasons were pretextual.

A plaintiff can show pretext by demonstrating that he was "'clearly better

---

[6]Under the "300-foot" rule, any new prospective customer that is at least 300 feet from the closest provider is allowed to choose its power provider. <u>See</u> Record Document 124, Ex. A at ¶ 6.

9

qualified' (as opposed to merely better or as qualified) than the employees who are selected." Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010) (quoting EEOC v. La. Office of Cmty. Servs., 47 F.3d 1438, 1444 (5th Cir. 1995)). The plaintiff must submit evidence establishing that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Id. at 923 (quoting Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 357 (5th Cir. 2001)). "This evidence must be more than merely subjective and speculative." Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996).

Murchison fails in his attempt to show that Cleco's proffered reasons for not selecting him were pretextual. The court first notes that Murchison's arguments are not found in his brief but in his statement of material facts. See Record Document 133, Statement of Material Facts at ¶¶ 9-14. He does not even attempt to address the pretext issue in his brief. In his statement of material facts, Murchison fails to adequately rebut each of Cleco's proffered reasons. Instead, he summarily denies these reasons and cites to his own self-serving declaration in support, which mostly contains irrelevant factual assertions. The most relevant facts alleged by Murchison are those that support a finding that he was qualified for the position; however, this does not satisfy Murchison's burden at summary judgment. He must show that he was clearly better qualified than Biggers for the position, and Murchison has failed

10

to do so. See Moss, 610 F.3d at 922. Additionally, he has failed to show Cleco's proffered reasons were false or lacked credibility. As a result, he has failed to satisfy his burden at summary judgment, and his failure to promote claim must be dismissed.

### C. Hostile Work Environment.

As previously mentioned, Murchison claims that he was denied promotions as part of Cleco's continuing pattern of racial harassment. Despite the court's previous ruling on Cleco's first motion for summary judgment dismissing Murchison's failure to promote claims, he argues that these numerous instances of denied promotions throughout the years demonstrate a hostile work environment. He further alleges that personal incidents of harassment as well as harassment suffered by other African-American Cleco employees support his own hostile work environment claim.

In order to establish a hostile working environment claim, Murchison must prove that:

> (1) [he] belongs to a protected group; (2) [he] was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. For harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

11

abusive working environment.

> In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002) (quotations and citations omitted). "[S]imple teasing, . . . offhand comments, and isolated incidents will not amount to discriminatory changes in the 'terms and conditions of employment.'" Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283 (1998). "The plaintiff bears the burden of showing that his employer failed to take effective action." Skidmore v. Precision Printing & Packaging, Inc., 188 F.3d 606, 616 (5th Cir. 1999).

Murchison's failure to promote claims do not support his hostile work environment claim. The court has already dismissed these claims as untimely or as without merit.[7] Even if all of his failure to promote claims were timely, Murchison

---

[7] Murchison argues that the continuing violation doctrine allows the court to consider all of his failure to promote claims in support of his hostile work environment claim. However, a discrete adverse action, such as a failure to be promoted, does not constitute a part of the same pattern of behavior that amounts to a continuous violation. See Huckabay v. Moore, 142 F.3d 233, 239-40 (5th Cir. 1998). Therefore, Murchison's failure to promote claims arising before December 11, 2005, are not considered by this court with regard to his hostile work environment claim.

has not satisfied his burden of proof by demonstrating the decisions not to promote him throughout the years were pretextual.

Murchison also alleges that he was subjected to harassment by Anthony Matherne ("Matherne"). These allegations mostly consist of Murchison's accusing Matherne of having a problem working with African-American to which Matherne would sarcastically wish Murchison luck filing complaints with the Equal Employment Opportunity Commission. He also alleges that another Cleco employee told him that he was harassed by Matherne. Murchison's allegations with respect to Matherne are conclusory and/or inadmissible hearsay and do not support his hostile work environment claim. Other allegations by Murchison are either conclusory, irrelevant to his claim, or are inadmissible as evidence. Any allegations that could remotely be considered to support his claim are not severe or pervasive to alter the conditions of his employment at Cleco and create an abusive working environment. Accordingly, Murchison has failed to meet his burden in establishing his hostile work environment claim.

### III. CONCLUSION

Based on the foregoing analysis, Cleco's second motion for summary judgment (Record Document 124) is **GRANTED**. The court finds there is no genuine dispute as to any material fact with regard to any of Murchison's claims.

A judgment consistent with the terms of this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 20th day of February, 2013.

_____
JUDGE TOM STAGG